## STATE vs. McBRIDE.

*Criminal law—Indictment.*

An indictment *held* too bad to sustain a conviction, or even an argument.

CERTIFIED from the Circuit Court for *Calumet* County.

An indictment was found against the defendant in said circuit court, in the following form (omitting the venue:)

" The jurors of the grand inquest of the state of Wisconsin, now sitting and inquiring for the body of the county aforesaid, being duly impanneled, tried, charged, sworn and affirmed, upon their oaths and affirmations do present that *Sidney McBride*, on the twenty-fourth day of March, A. D. 1868, in the county of Calumet aforesaid, at the town of Brillion, in the county of Calumet aforesaid, unlawfully, feloniously and falsly did pretend to one M. W., the wife of one C. W., in the peace of God and the state, then and there being, the said M. W. then and there being big with a quick child, that he was a physician and surgeon, and well skilled as such in the practice of all the arts usually practiced by physicians and surgeons in the practice of their profession, and thereby then and there procured and induced the said M. W. to employ him to attend upon her at the time of the birth and delivery of said child, and to allow him to prescribe for her and attend upon her during her confinement and delivery of said child aforesaid. And the jurors aforesaid, upon their oaths and affirmations aforesaid, do present that the said *Sidney McBride* was not, at the day and year and at the time aforesaid, well skilled and practiced in the said business and profession of physician and surgeon, but he was, at the time of said confinement, delivery and

Wis. xxvi—52

representations aforesaid, entirely unskilled and un-practiced in said profession and business aforesaid, and entirely ignorant of the same; by means of which said representations, knowingly, feloniously and will-fully made as aforesaid, the said *Sidney McBride*, in and upon the said M. W., the wife of the said C. W., then and there being big with a quick child, feloniously, willfully and of his malice aforethought, did make an assault upon the said M. W., and then and there did ill-treat and wound her so that her life was greatly despaired of, by reason whereof, felo-niously, willfully and of his malice aforethought, did violently squeeze, press, pull and ill-treat the said M. W. in and upon the lower part of the belly of her the said M. W., and did thrust his hand into the lower part of the belly of said M. W., and did violently and unskillfully take hold of the said child, and violently, ignorantly and unskillfully did pull the said child from the lower part of the belly, com-monly called the abdomen, of the said M. W., of which said pulling, squeezing and ill-treatment, the said M. W., at the town of Brillion aforesaid, at the time aforesaid, instantly died, against the statute in such case made and provided, and against the peace and dignity of the state of Wisconsin."

Upon the trial, the jury found defendant "guilty of an assault." The defendant moved successively in arrest of judgment, and for a new trial; and the motions being denied, exceptions were taken, and the case certified to this court under the statute.

*Gerrit T. Thorn*, for the defendant.

DIXON, C. J. The attorney general declined to argue this case, because he thought the indictment bad; and in this he showed his good sense. The in-dictment is obviously too bad to sustain any kind of an argument, and much less a conviction. It is a mixture of heterogeneous and inconsistent statements

and charges from beginning to end; and no one can say what offense is charged, or intended to be, whether murder, manslaughter, or a felonious and aggravated assault, or assault and battery. It contains allegations tending to charge all these offenses, but they are all neutralized and avoided by each other. The charge, for example, that the acts were done *willfully and of malice aforethought*, is neutralized and made of no effect by the charge that the same acts were *ignorantly* done. If the indictment could be sustained for anything, it would probably be for manslaughter at common law, for death caused by the malpractice of the defendant as a physician and surgeon. But it is not good for that, and would be bad even as an indictment or complaint for a common assault. It is most illogical and absurd in its allegations. It charges the assault to have been made *by means of* certain *unlawful, felonious and false representations, knowingly, feloniously and willfully made by the defendant;* and then follows the averment, "*by reason whereof*, feloniously, willfully and of his malice aforethought, did violently squeeze," etc. By this we understand the squeezing, etc., to have taken place by reason of the assault made by means of the representations, which is nonsense, and we can make nothing else of it. We have read somewhere that to constitute an assault there must be *an overt act*, and that *no mere words* can ever amount to one. In other words, we understand that no assault can be committed *by means of mere words;* and *the representations* set forth in the indictment, however unlawful, felonious and false they may have been, or however knowingly, willfully or feloniously made, amount to no more. It is impossible that any court should spend its time in devising, or endeavoring to devise, reasons for sustaining such pleading as this. It cannot be done.

It may possibly be, among the many awkward and irregular indictments which have been drawn in the

world, that a parallel could be found for this; but our reading does not extend so far. We know of nothing like it, except in the field of jocular law. The case of the northern circuit barrister, indicted in the *Grand Court*, for the murder of the chimney-sweeper's boy, alleged to have been committed with "a certain blunt instrument of *no value* called a *long speech*," might be cited as a precedent. But that was a joke, and we should dislike to spoil it by affirming this conviction. It is against our principles to do so. That case will be found reported in Lord Campbell's Life of Lord Eldon, *Lives of the Lord Chancellors*, vol. 7, p. 77.

*By the Court.*—The exception to the order overruling the motion in arrest of judgment is sustained, and the judgment arrested.